UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.   8:11-cr-509-T-23MAP
                                                                 8:14-cv-941-T-23MAP

GUILFORTH ROMERO ALEGRIA

_____/

### O R D E R

Romero's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the

validity of his conviction for conspiracy to possess with the intent to distribute cocaine

while aboard a vessel, for which offense he was sentenced to 168 months.  The motion is

time-barred and lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review

of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of

the motion, any attached exhibits, and the record of prior proceedings that the moving

party is not entitled to relief . . . ."  *Accord Wright v. United States*, 624 F.2d 557, 558 (5th

Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper

"[b]ecause in this case the record, uncontradicted by [the defendant], shows that he is

not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b)

of § 2255 allows the district court to summarily dismiss the motion and notify the

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before
October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)
(*en banc*).

movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in March, 2012, Romero's limitation expired one year later, in March, 2013. Romero dated his motion to vacate in April, 2014, which is a year late. Consequently, Romero's motion to vacate is time-barred under Section 2255(f)(1).

A prisoner may acquire a new limitation under Section 2255(f)(3), which provides for beginning the limitation on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Romero asserts entitlement to relief under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). Romero is not entitled to proceed under *Hurtado* because he did not move to vacate within one year of *Hurtado* and, even if he had timely moved, *Hurtado* would afford Romero no relief.

First, a new limitation under Section 2255(f)(3) requires the recognition of a new right by the Supreme Court. *Hurtado* is a circuit court decision, not a Supreme Court decision. As a consequence, Romero cannot benefit from *Hurtado* under Section 2255(f)(3)'s provision for a new limitation.

- 2 -

Second, *Hurtado* is factually distinguishable.  Romero was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress  "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations."  U.S. Const., Art. I, § 8, cl. 10.  *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations.  *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed.  57 (1820). The first two grants of power are not implicated here:  piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant – the Offences Clause – as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejects the argument that the "Offences Clause" authorizes the MDLEA to control drug activity that occurs within a foreign country's territorial water.  "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama."   700 F.3d at 1258.  *Hurtado* is inapplicable to Romero.  In his plea agreement (Doc. 56 in 8:11-cr-509-T-23MAP) Romero admitted to the following facts:

- 3 -

On or about September 29, 2011, the defendant, Guilforth Saul Romero Alegria, along with three co-defendants, was aboard a vessel encountered by U.S. Coast Guard cutter MOHAWK approximately one hundred ten (110) nautical miles east of the Honduran coast in international waters of the Caribbean Sea. Coast Guard personnel from the MOHAWK recognized the vessel as a self-propelled semi-submersible vessel (SPSS) because of its color, low hull profile, and configuration. The SPSS was not flying a flag, did not carry valid registration documents, nor did it display a name, registration number, or homeport.

The defendants ultimately emerged from the SPSS shortly before the SPSS sank. The Coast Guard took the defendants into custody. None of the defendants made a claim of nationality for the SPSS. The Coast Guard thus declared the SPSS to be a stateless vessel subject to the jurisdiction of the United States.

The defendant, along with his co-defendants, was later transferred to the United States, first arriving at a place in the Middle District of Florida.

In October 2011, the Coast Guard and the Federal Bureau of Investigation conducted a joint operation to recover the cargo of the sunken SPSS. Divers  recovered in excess of 6000 kilograms of cocaine, a Schedule II controlled substance, from the SPSS. The packaging of the cocaine was typical of narcotics packaged for at-sea transport and later distribution. Laboratory testing of a representative sample confirmed the identity of the recovered cocaine.

Romero's stipulation that his vessel was 110 nautical miles east of Honduras places the vessel unquestionably in international water, which is defined as all area beyond twelve miles from land.  *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003).  *Hurtado* is inapplicable and Romero is not entitled to a new limitation.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is

**DISMISSED** as time-barred and Romero is not entitled to a new limitation under

*Hurtado*.  The clerk must close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Romero is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Romero must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Romero is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Romero must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on August 6, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE